# MEMORANDA

# CASES NOT REPORTED IN FULL.

19 272
30ap 11
19h  272
72 AD 319

## CATHARINE WIEL, Respondent, *v.* CORNELIA M. STEWART, Appellant.

*Action for nuisance — when the declarations of parties affected by, inadmissible — measure of damages.*

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

The action was brought to recover damages for an alleged nuisance, which it was claimed consisted in the manufacturing of soap in a certain laundry near to the plaintiff's premises, and also in discharging from said laundry a stream of foul water which ran under the plaintiff's premises. These causes it was averred produced an offensive smell, which rendered the plaintiff's premises unfit for habitation.

The plaintiff kept a summer hotel, and claimed that, by reason of this offensive smell, some of her boarders went away, and that other persons refused to become boarders there on that account.

The court at General Term said : " In the course of the trial evidence was offered by the plaintiff, and admitted against the objection of the defendant, that the guests of the plaintiff complained about the smell ; that they said that they came there for the good of their health, and not for the nasty smell there was in the house ; that they spoke of the smell, and said they would not stand it any longer and would rather leave.

"This evidence, we think, was objectionable. It was not any part of the *res gestæ;* for it did not accompany the act of going away from the house. It was merely ordinary talk. It was no evidence that an offensive smell existed, which was one of the

principal facts in controversy. The guests whose conversation was thus detailed could have been called to prove the fact of an offensive smell.

"Again, the rule of damages is laid down in *Francis* v. *Schoellkopf* (53 N. Y., 152), to be the difference in rental value, free from the stench and subject to it. And this was the rule which the plaintiff herself seems to have adopted. For she gave proof on that point. Therefore, even if the guests had gone away on account of the offensive smell, and even if their language, when going away, had been proved, in order to characterize their act, still the difficulty remains, that it was immaterial whether they went away or not. This evidence might have influenced the jury in their verdict. They might have given damages for the loss of boarders."

*Charles S. Lester*, for the appellant. *Putnam & Eustis*, for the respondent.

Opinion by LEARNED, P. J.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment reversed, new trial granted, costs to abide event.